**KIPBEA BAKING CO., Inc., Plaintiff-Appellant,**

v.

**John STRAUSS, individually and as President, Robert J. Sullivan, individually and as Secretary-Treasurer, of Bakery Drivers Union, Local 802, affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and Frank Dutto, individually and as President, and Harry Rubenstein, individually and as Treasurer, of Local 3, Bakery and Confectionery Workers International Union of America, Defendants-Appellees.**

**H. & L. BAKING CO., Inc., Plaintiff-Appellant,**

v.

**Frank DUTTO, individually and as President, and Harry Rubenstein, individually and as Treasurer, of Local 3, Bakery and Confectionery Workers International Union of America, Defendants-Appellees.**

Nos. 275–276, Dockets 32591, 32592.

United States Court of Appeals
Second Circuit.

Submitted May 5, 1969.

Decided May 28, 1969.

Benjamin Machinist, New York City, for appellants.

Cohen & Weiss, New York City, Bruce H. Simon, Robert S. Savelson and Frank M. Aiello, New York City, of counsel, for appellees Local 802 and representative individuals.

Cohn & Glickstein, New York City, Jerome B. Lurie and Roger S. Hayes, New York City, of counsel, for appellees Local 3 and representative individuals.

Before MOORE, FRIENDLY and HAYS, Circuit Judges.

PER CURIAM:

Appellants brought this action in the United States District Court for the

Eastern District of New York under Section 303 of the Labor Management Relations Act, 29 U.S.C. § 187 (1964). The amended complaint alleges that defendants engaged in illegal picketing, illegal secondary activities, and an illegal work stoppage, all in violation of Section 8(b) of the National Labor Relations Act, 29 U.S.C. § 158(b) (1964).

Of critical importance to the dispute was whether Kipbea and H. & L. were one or two enterprises, which turned in part on why Kipbea had moved its bakery from the Bronx to Mamaroneck and had limited its scope of operations, with H. & L. thereafter performing the remainder of Kipbea's former operations. The court found that although Kipbea had been removed from the Bronx for valid business reasons, and not to escape the Local 3 contract, Kipbea and H. & L. were, in substance, a unitary enterprise. It also found that the activities of Local 3 were directed to retaining for its employees the jobs they had held with Kipbea in the Bronx bakery. It concluded that neither of the defendants had committed an unfair labor practice for which appellants could recover damages, and dismissed the complaint.

The findings of the district court are certainly not clearly erroneous.

The judgment of the district court dismissing appellants' complaint is affirmed.